**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN PABLO MORALES,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-70691<br><br>Agency No. A077-969-030<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Pablo Morales, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing Morales's appeal

from an immigration judge's ("IJ") decision denying Morales's application for

asylum, withholding of removal and relief under the Convention Against Torture

("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Morales has waived any challenge to the agency's dispositive determination that his asylum application was untimely. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). Thus, Morales's asylum claim fails.

As to withholding of removal, the BIA did not err in finding that Morales failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's conclusion that Morales otherwise failed to establish a nexus between the harm he fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random

violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

Thus, Morales's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Morales failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**